# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

Jose Jimenez,

    Plaintiff,

v.

Capital One Bank USA, N.A. and Experian Information Solutions, Inc.,

    Defendants.

Case No:

**COMPLAINT**

JURY TRIAL DEMANDED

Plaintiff Jose Jimenez ("*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Capital One Bank USA, N.A. (hereinafter referred to as "*Capital One*" or *"Furnisher Defendant"*) and Experian Information Solutions, Inc. (hereinafter referred to as "Experian" or "CRA Defendant") (collectively Furnisher Defendant and CRA Defendant are referred to as "*Defendants*") as follows:

## INTRODUCTION

1. This action seeks to recover for violations of the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. § 1681.

3. This action is commenced against the CRA Defendant for reporting inaccurate and/or misleading information on Plaintiff's credit report in violation of § 1681e(b) and for their failure to conduct a reasonable investigation into Plaintiff's disputes in violation of § 1681i(a) after

1

PLAINTIFF'S COMPLAINT
CASE NO:

SANDERS LAW GROUP
100 Garden City Plaza, Ste 500
Garden City, NY
Tel: (516) 203-7600

having received a dispute letter from Plaintiff disputing the inaccurate reporting on Plaintiff's consumer report.

4. This action is commenced against the Furnisher Defendant for violations of the Fair Credit Reporting Act under 15 U.S.C. § 1681s-2(b) for their failure to conduct a reasonable and/or good faith investigation into Plaintiff's notice of disputes and failing to delete, correct or block the inaccurate information.

5. Plaintiff brings this action in order to recover *inter alia*, statutory damages, prejudgment and post-judgment interest, and reasonable attorneys' fees and expenses for injuries suffered as a result of Defendants' erroneous reporting of inaccurate information in Plaintiff's consumer background report which continues to affect Plaintiff's creditworthiness and credit score. As a result of Defendants' misconduct, Plaintiff has suffered a decreased credit score, the loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

6. Plaintiff seeks to recover monetary damages for Defendants' violations of the FCRA and to have an order issued by this court enjoining Defendants from persisting in its violative behaviors.

## JURISDICTION AND VENUE

7. Jurisdiction of the court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

8. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

9. Plaintiff Jose Jimenez is an individual who is a citizen of the State of Washington residing in Snohomish County, Washington.

10. Plaintiff is a ("consumer") as defined by the FCRA, 15 U.S.C. § 1681a(c).

11. Defendant Capital One is a "furnisher of information" (hereinafter "*Furnisher*") as contemplated by 15 U.S.C. § 1681s-2(b).

12. Defendant Capital One is National Banking Association located in Virginia and has a principal place of business located at 1680 Capital One Drive, McLean, Virginia 22102.

13. Capital One maintains offices and conducts substantial business in the State of New York and in this judicial district.

PLAINTIFF'S COMPLAINT  
CASE NO:

SANDERS LAW GROUP  
100 Garden City Plaza, Ste 500  
Garden City, NY  
Tel: (516) 203-7600

14. Defendant Experian is a consumer reporting agency (hereinafter defined as "*CRA*") as defined under 15 U.S.C. § 1681a(f), that regularly conducts business in this judicial district.

15. Defendant Experian has a principal place of business located at 475 Anton Blvd., Costa Mesa, CA 92626, is registered to do business in the State of New York, and may be served with process upon CT Corporation System, its registered agent for service of process at 28 Liberty Street, New York, NY 10005.

16. Defendant Experian by contractual agreement, disbursed consumer background report for remuneration to third parties.

## SUBSTANTIVE ALLEGATIONS OF FCRA

17. As described above, Congress enacted § 1681 *et seq.* of Title 15 of the United States Code, which § 1681 which states as follows:

> (a)(1) The banking system is dependent upon fair *and accurate* credit reporting. *Inaccurate credit reports directly impair the efficiency of the banking system*, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system.
>
> (2) An elaborate mechanism has been developed for investigating and evaluating the credit worthiness, credit standing, credit capacity, character, and general reputation of consumers.
>
> (3) Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers.
>
> (4) There is a *need to insure that consumer reporting agencies exercise their grave responsibilities with fairness*, impartiality, and a respect for the consumer's right to privacy.

(Emphasis added).

18. The FCRA mandates that a consumer reporting agency adhere to the following twin duties: (i) to assure maximum possible accuracy of information when preparing consumer reports and to set up reasonable policies procedures to maintain compliance with this minimum reporting standard; and (ii) to reinvestigate the facts and circumstances surrounding a dispute by consumers and to appropriately and timely correct any inaccuracies, including by quickly notifying the furnisher and any other parties in the distribution chain of the disputed inaccuracies.

19. Consumer reporting agencies compile, maintain, and report information concerning Plaintiff's creditworthiness, credit-standing, credit capacity, character, and general

3

PLAINTIFF'S COMPLAINT
CASE NO:

SANDERS LAW GROUP
100 Garden City Plaza, Ste 500
Garden City, NY
Tel: (516) 203-7600

reputation. That information is then made available for use by third parties in credit transactions involving consumers, for employment purposes, the underwriting of insurance for consumers, and even housing.

20. Consumer reporting agencies must immediately notify a furnisher if a consumer disputes the accuracy of information reported by that furnisher. Section 1681s-2(b) requires a furnisher, upon receiving a consumer's dispute, to conduct an investigation, mark the accounts as disputed, and update the reporting if necessary.

21. Plaintiff has a legally protected interest in the Defendants fulfilling their duties under the FCRA so that the credit information being furnished and reported by them is maintained fairly with the maximum levels of confidentiality, accuracy, and relevancy.

22. Plaintiff's injury is particularized and actual and is directly traceable to Defendant's conduct. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

## FACTUAL ALLEGATIONS

23. Defendants have been reporting inaccurate information on Plaintiff's Experian credit report which has been disseminated to third party companies and persons both known and unknown.

24. On or around February 2022, Plaintiff reviewed his credit report and discovered that Capital One was reporting an auto loan account with an outstanding balance of $2,388 with CRA Defendant Experian.

25. Plaintiff does not own an auto loan account with Capital One and did not authorize the account to be open in his name or otherwise.

26. The account is reporting an outstanding debt that Plaintiff does not owe and has never owned.

27. The reporting of this erroneous account inflates Plaintiff's debts and increases the appearance of his liabilities.

28. The negative account payment history directly impacts Plaintiff's credit worthiness, credit score and credit capacity and falsely presents his debt to income ratio as higher than it should be.

29. Calls to Capital One have been unsuccessful in resolving this issue as they state that they do not have an account for the Plaintiff under his name or social security number.

4

PLAINTIFF'S COMPLAINT
CASE NO:

SANDERS LAW GROUP
100 Garden City Plaza, Ste 500
Garden City, NY
Tel: (516) 203-7600

30. Upon information and belief, Defendants are mixing another consumer's file into Plaintiff's credit report.

31. Plaintiff caused a FCRA dispute letter dated February 3, 2022 (hereinafter referred to as "FCRA Dispute letter") to be sent to Experian via certified mail.

32. Plaintiff's FCRA Dispute letter to Experian included the following: a copy of his Washington state driver's license displaying his exact first name and last name; a copy of Plaintiff's Social Security Card and a copy of a utility bill displaying Plaintiff's current residence.

33. Based upon United States Postal Service tracking, Experian received Plaintiff's FCRA Dispute letter on February 8, 2022.

34. Upon information and belief, Experian provided Capital One with notice of the dispute and all relevant information within five (5) business days, as required by FCRA.

35. Upon information and belief, Capital One received the notice from Experian of Plaintiff's dispute letter and provided Capital One with all relevant information regarding the dispute, as required by the FCRA.

36. The receipt of Plaintiff's dispute letter triggered an obligation for Experian to conduct a reasonable investigation and correct the report accordingly.

37. Capital One's receipt of the dispute from Experian triggered an obligation for Capital One to conduct an investigation.

38. More than thirty (30) days passed for Defendants to respond or investigate the dispute but Defendants failed to conduct an investigation and failed to delete the account and correct the report accordingly.

39. Following the investigation, on March 31, 2022, Plaintiff reviewed his credit file with Defendants and discovered that Experian continued to report the erroneous account.

40. Based on this information, Experian failed to maintain or follow reasonable procedures to maintain maximum possible accuracy by allowing this error to persist despite Plaintiff informing them that the item was false.

41. Upon information and belief, Capital One conducted an unreasonable investigation and failed to updated Experian with notice that the account did not belong to Plaintiff.

42. Defendants continued to report this erroneous account whilst disseminating this information to third parties.

PLAINTIFF'S COMPLAINT
CASE NO:

SANDERS LAW GROUP
100 Garden City Plaza, Ste 500
Garden City, NY
Tel: (516) 203-7600

43. Defendants continued reporting of this account subjected the Plaintiff to at least one denial of credit from a prospective creditor.

44. As a direct result of Defendants' conduct, Plaintiff has suffered actual damages including: a decreased credit score; decreased credit worthiness and capacity; loss of money in time pulling credit reports and consulting attorneys to resolve this erroneous account and the embarrassment and emotional pain of a credit denial and the dissemination of this inaccurate reporting to third parties.

45. Defendants' erroneous inclusion and refusal to remove this erroneous account from Plaintiff's credit report has caused him undue stress, anxiety and created discord within his personal life and marriage due to the collateral damage of this misreporting.

46. Accordingly, Plaintiff is entitled to damages from the Defendants.

## COUNT I
### CRA Defendant's Violations of the FCRA, 15 U.S.C. § 1681e(b).

47. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

48. The CRA Defendant systemically violated 15 U.S.C. § 1681e(b) by failing to adhere to, maintain and/or establish reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit report and credit files it published and maintained concerning the Plaintiff they published.

49. Upon receipt of Plaintiff's disputes, the CRA Defendant was legally required to: (i) conduct a reasonable investigation or re-investigation into all the circumstances surrounding the dispute; and (ii) when and if appropriate, remove any inaccurate information following the performance of the reasonable investigation. At a minimum, they were required to mark the status of the tradeline/account as disputed on the consumer's credit report, but failed to do so.

50. Upon information and belief, the CRA Defendant's conduct in the instant matter is representative of their normal policies and procedures or lack thereof for maintaining accurate credit reporting.

51. In violation of §§ 1681e(b) and 1681(i), the CRA Defendant failed to follow reasonable procedures to ensure maximum possible accuracy of the information attributable to Plaintiff, by reporting inaccurate information in Plaintiff's consumer background report.

6

PLAINTIFF'S COMPLAINT
CASE NO:

SANDERS LAW GROUP
100 Garden City Plaza, Ste 500
Garden City, NY
Tel: (516) 203-7600

52. Plaintiff disputed the inaccurate information and the CRA Defendant willfully, intentionally, recklessly and negligently failed to perform a reasonable investigation to remove the inaccurate information.

53. As a result of the CRA Defendant's violations of 15 U.S.C. § 1681, Plaintiff suffered actual damages which have been further described above in the statement of facts.

54. In violation of § 1681o and § 1681n, the CRA Defendant's conduct was a direct and proximate cause of Plaintiff's injury.

55. The CRA Defendant is liable to Plaintiff for their negligent and willful failures to follow reasonable policies and procedures.

56. As a result of the CRA Defendant's violations of 15 U.S.C. §§ 1681e(b) and 1681i, Plaintiff suffered statutory and actual damages as described herein and is entitled to recover actual damages and punitive damages, pursuant to 15 U.S.C. §§ 1681n and 1681o.

57. For the foregoing reasons, the CRA Defendant violated 15 U.S.C. § 1681e(b) and are liable to Plaintiff for actual damages, statutory damages, punitive damages, costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## COUNT II
### CRA Defendant's Violations of the FCRA, 15 U.S.C. § 1681i *et seq.*

58. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

59. The CRA Defendant violated 15 U.S.C. § 1681i(a)(1) by failing to conduct reasonable reinvestigations to determine whether the disputed information was accurate and record the current status of the disputed information or delete the item from Plaintiff's credit report.

60. The CRA Defendant violated 15 U.S.C. § 1681i(a)(1) by relying upon only a cursory review of basic information and deferring entirely upon the Furnisher Defendant and merely parroting information received from the furnisher.

61. The CRA Defendant violated 15 U.S.C. § 1681i(a)(2)(A) by failing to provide Furnisher Defendant all of the relevant information regarding Plaintiff and his dispute.

62. The CRA Defendant violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff regarding the dispute.

63. The CRA Defendant violated 15 U.S.C. § 1681i(a)(5)(A) by failing to promptly delete the disputed inaccurate information from Plaintiff's credit file or correct the inaccurate information upon reinvestigation.

PLAINTIFF'S COMPLAINT
CASE NO:

SANDERS LAW GROUP
100 Garden City Plaza, Ste 500
Garden City, NY
Tel: (516) 203-7600

64. Upon information and belief, CRA Defendant never: (i) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's dispute; (ii) contacted any third parties that would have relevant information concerning Plaintiff's dispute; (iii) forwarded any relevant information concerning Plaintiff's dispute to Furnisher Defendant; or (iv) requested or obtained any relevant documents from Furnisher Defendant. As such there is no evidence of a reasonable investigation being conducted.

65. As a result of the CRA Defendant's violations of 15 U.S.C. § 1681, Plaintiff suffered actual damages which have been further described in the above statement of facts

66. The CRA Defendant's violations was willful because they had knowledge of the issue after receiving a detailed dispute letter and/or reckless disregard for the information provided in that dispute, rendering CRA Defendant liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

67. In the alternative, the CRA Defendant was negligent, which entitles the Plaintiff to recovery under 15 U.S.C. § 1681o.

68. For the foregoing reasons, the CRA Defendant violated 15 U.S.C. § 1681i and are liable to Plaintiff for actual damages, statutory damages, punitive damages, costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## COUNT III
### Furnisher Defendant's Violations of the FCRA, 15 U.S.C. § 1681s-2(b)

69. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein

70. At all times pertinent hereto, the Furnisher Defendant is a "person" as that term is defined by 15 U.S.C. § 168la(b) and a "furnisher of information" to the credit reporting agencies.

71. The Furnisher Defendant has a duty to provide accurate information to consumer reporting agencies, and to correct inaccurate information after receiving notice of a credit dispute directly from a consumer. *See* 15 U.S.C. § 1681s-2(a).

72. The Furnisher Defendant has an obligation under 15 U.S.C. § 1681s-2(b) to investigate a dispute after receiving notice of the disputed item from a consumer reporting agency.

73. The FCRA requires furnishers, after receiving notice from a credit reporting agency that a consumer disputes information that is being reported by that furnisher to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that

8

PLAINTIFF'S COMPLAINT
CASE NO:

SANDERS LAW GROUP
100 Garden City Plaza, Ste 500
Garden City, NY
Tel: (516) 203-7600

the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

74. On each occasion referenced in the above statement of facts where a dispute was sent to the CRA Defendant, upon information and belief, the CRA Defendant provided Furnisher Defendant the notice of dispute and all relevant information regarding the disputes.

75. Upon information and belief, on each occasion referenced in the above statement of facts where a dispute was sent to CRA Defendant received the notice of dispute and all relevant information regarding that the disputes.

76. Upon information and belief, the Furnisher Defendant violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to fully, reasonably and in good faith investigate Plaintiff's disputes.

77. The Furnisher Defendant failed to correct or remove the inaccurate information from the account and credit report and report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

78. Upon information and belief, the Furnisher Defendant's conduct in the instant matter is representative of their normal policies and procedures in responding to disputes by providing only a cursory review of basic information and failing to investigate any further or failing to investigate and remediate any errors entirely.

79. The Furnisher Defendant's conduct violated § 1681s-2(b) by willfully and/or negligently failing to fully, properly and reasonably conduct an investigation of the inaccurate information that Plaintiff disputed.

80. The Furnisher Defendant's conduct violated § 1681s-2(b) by willfully and/or negligently failing to review all relevant information concerning Plaintiff's account as provided.

81. The Furnisher Defendant's conduct violated § 1681s-2(b) by willfully and/or negligently failing to report the results of its investigation of the inaccurate information to all credit reporting agencies.

82. The Furnisher Defendant's conduct violated § 1681s-2(b) by willfully and/or negligently failing to modify or delete incomplete or inaccurate information or information it cannot verify in Plaintiff's file after conducting an investigation;

83. The Furnisher Defendant's conduct violated § 1681s-2(b) by willfully and/or negligently failing to modify or delete inaccurate or incomplete information after conducting a reinvestigation.

PLAINTIFF'S COMPLAINT
CASE NO:

SANDERS LAW GROUP
100 Garden City Plaza, Ste 500
Garden City, NY
Tel: (516) 203-7600

84. The Furnisher Defendant's conduct violated § 1681s-2(b) by willfully and/or negligently failing to permanently block the reporting of the inaccurate information disputed by Plaintiff and continuing to report and furnish inaccurate or incomplete information in Plaintiff's file to credit reporting agencies.

85. The Furnisher Defendant's conduct violated § 1681s-2(b) by willfully and/or negligently failing to comply with all requirements imposed on "furnishers of information" by 15 U.S.C. § 1681s-2(b).

86. As a result of the Furnisher Defendant's conduct, Plaintiff suffered damages, mental and emotional pain and anguish and the humiliation and embarrassment of the credit denials, and reputation as a successful borrower.

87. Further, Plaintiff suffered actual damages which have been further described above.

88. The Furnisher Defendant's conduct was willful in that they had direct knowledge that the information they were reporting was inaccurate and/or misleading, and despite receipt of valid FCRA dispute notice(s) from the consumer reporting agencies and directly from the Plaintiff, continued to report the tradeline inaccurately.

89. Alternatively, Furnisher Defendant exhibited a reckless disregard and unjustifiably high risk to the Plaintiff when it received the FCRA dispute(s) and failed to conduct a reasonable investigation and failed to correct the credit reporting.

90. The Furnisher Defendant is liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

91. In the alternative, the Furnisher Defendant's conduct was negligent, failing to exercise reasonable care when it failed to conduct a reasonable investigation, thereby entitling Plaintiff to recover under 15 U.S.C. § 1681o.

92. For the foregoing reasons, the Furnisher Defendant violated 15 U.S.C. § 1681s-2(b) and is liable to Plaintiff for actual damages, statutory damages, punitive damages, costs and attorney's fees in an amount to be determined by the Court pursuant to § 1681n and § 1681o.

**JURY DEMAND**

93. Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

PLAINTIFF'S COMPLAINT  
CASE NO:  

SANDERS LAW GROUP  
100 Garden City Plaza, Ste 500  
Garden City, NY  
Tel: (516) 203-7600

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests judgment be entered against Defendants, as follows:

    a    Adjudging that Defendants actions violated the FCRA; and

    b    Granting Plaintiff actual damages against Defendant pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1681o(a);

    c    Granting Plaintiff statutory damages against Defendant pursuant to 15 U.S.C. § 1681n(a)(1)(A);

    d    Granting Plaintiff punitive damages against Defendant pursuant to 15 U.S.C. § 1681n(a)(2);

    e    Granting Plaintiff costs and reasonable attorney's fees against the Defendant pursuant to 15 U.S.C. §§ 1681n(c) and 1681o(b).

    f    Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

    g    Such other and further relief as the Court determines is just and proper.

DATED: May 12, 2022

                                        **SANDERS LAW GROUP**

                                        By:   */s/ Craig Sanders*
                                        Craig B. Sanders, Esq. (WSBA 46986)
                                        100 Garden City Plaza
                                        Suite 500
                                        Garden City, NY 11530
                                        Tel: (516) 203-7600
                                        Email: csanders@sanderslaw.group
                                        File No.: 125242
                                        *Attorneys for Plaintiff*

PLAINTIFF'S COMPLAINT
CASE NO:

SANDERS LAW GROUP
100 Garden City Plaza, Ste 500
Garden City, NY
Tel: (516) 203-7600